# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 774 | **DATE** | 10/19/2010 |
| **CASE TITLE** | Dumas et al. vs. City of Chicago et al. | | |

**DOCKET ENTRY TEXT**

Opinion:
Defendant City of Chicago's motion to dismiss [19] is granted. Defendant Neighborhood Housing Services of Chicago's motion to dismiss [16] is granted.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

      Plaintiffs Jerome Casimir and Betty Dumas filed a pro se complaint on February 4, 2010 naming defendants City of Chicago (the "City") and Neighborhood Housing Services of Chicago ("NHS"). (Compl., Doc. 1.) Plaintiffs also name the Chicago Department of Buildings as a defendant. However, city departments do not have a separate legal existence and cannot be sued. *Jordan v. City of Chicago, Dept. of Police*, 505 F. Supp. 1, 4 (N.D. Ill. 1980). The court had great difficulty deciphering plaintiffs' complaint. Plaintiffs appear to seek damages ("in excess of $150,000,00.00") for civil rights violations by defendants. As far as can be determined the facts are alleged as follows.

      Casimir and Dumas owned a home in Chicago. The home was badly damaged in a fire on July 25, 2007. Plaintiffs attempted to repair the home but had difficulty obtaining financing. The City, motivated by racism and corruption, prevented plaintiffs from making repairs and obtained court orders to deny plaintiffs access to their home. In January 2008, NHS was appointed as a receiver by a state court to oversee repairs to the home. In April 2008, the court ordered a feasibility study which recommended repairing the roof, but the home deteriorated under NHS's supervision. In August 2008, NHS determined that the home needed to be demolished.

      The City sought a court order to demolish the home. Plaintiffs appeared in court on November 19, 2008. The judge gave the City authority to demolish the home but told plaintiffs to contact the City to arrange the demolition. The next day, the City returned to court, ex parte, and obtained an emergency order to demolish the home, which they did on November 23, 2008 without notice to plaintiffs. The City then sought to charge plaintiffs $80,000 for the demolition.

      Nowhere does the complaint or plaintiffs' brief clearly identify a cause of action. However, several different legal authorities are cited throughout the complaint including 42 U.S.C. §§ 1981, 1982, 1983, the

Fifth and Fourteenth Amendments to the United States Constitution, Title VII, and various City of Chicago ordinances.

The City points out that plaintiffs originally appealed the state court's demolition order, but subsequently dismissed the appeal. (*See* City's Mot. to Dismiss Exs. 12-13.) Plaintiffs also filed a separate federal lawsuit in this judicial district naming the same defendants and making similar allegations. (*See* Case No. 08 CV 6704.) That suit was dismissed on December 23, 2008 when plaintiffs failed to file a proper in forma pauperis motion or pay the court filing fee. (*Id.*, Doc. 11.) Over a year later, Casimir and Dumas filed a motion seeking to reopen the federal case. (*Id.*, Doc. 12.) Judge St. Eve denied this motion and noted that plaintiffs appeared to be attempting to remove the state court proceeding to federal court. She concluded that the *Rooker-Feldman* doctrine precluded the court from considering plaintiffs' complaint. (*Id.*, Doc. 15.)

The City and NHS have each filed motions to dismiss. The City moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and both defendants move to dismiss under Rule 12(b)(6). In considering a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir.2008). In determining whether jurisdiction is appropriate, the court may also look to materials outside the complaint. *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

The City argues that this court lacks subject matter jurisdiction because plaintiffs' suit, like their suit before Judge St. Eve, is an attempt to overturn a state court order. In fact, plaintiffs' complaint admits just such an objective:
> An Appeal were made to Illinois Courts but due to the constitutional violation in due process of notice and the preparation of official court records by the Clerk of the Court a proper appeal or hearing could not be made by those Illinois State Courts under these constitutional violation and plaintiff seek to remove the pending case in the Circuit Court to Federal Court and the dismissal of their appeal with the Illinois Appellate court. [*sic*]

(Compl. ¶ 23.) Plaintiffs' complaint asks the court to redress an injury caused by a state court judgment. Under the *Rooker-Feldman* doctrine, the court has no authority to grant such relief. *See Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (Plaintiff "cannot avoid the *Rooker-Feldman* bar by alleging that he suffered this injury as a result of violations of his constitutional rights.").

NHS argues that plaintiffs have sued the wrong entity, and, in any event, fail to adequately allege any cause of action. Plaintiffs fail to respond to NHS's arguments in their response brief; the brief is even less coherent than plaintiffs' complaint. The court has independently reviewed the allegations in the complaint made against NHS and can discern no federal claim. Casimir and Dumas allege that NHS did not adequately perform its duties as court appointed receiver and that NHS "racked up fees" that were unnecessary. Although the word "discriminate" appears in the complaint, plaintiffs have not identified any specific act of discrimination or person responsible for discriminating. The court must construe plaintiffs' pro se complaint liberally, *see Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); however, the court is at a loss to find any basis for a lawsuit.

Accordingly, defendants' motions to dismiss are granted.